UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD R. EARL,<br><br>            Petitioner,<br><br>   v.<br><br>U.S. FOOD AND DRUG ADMINISTRATION,<br><br>            Respondent. | CASE NO. C07-05413BHS<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, DENYING RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AS MOOT, AND DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AS MOOT |

     This matter comes before the Court on Petitioner's Motion for Summary Judgment (Dkt. 6) and Respondent's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.  When considering the instant motions, the Court must first determine whether it has subject matter jurisdiction over the action before the Court can reach other matters. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 93-101 (1998).  For the reasons stated below, this Court does not have subject matter jurisdiction over this matter and therefore, the case must be dismissed and all other motions must be dismissed as moot.

     While Petitioner contends that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1361, the action shall be construed as being brought under the APA.  5 U.S.C. § 702

ORDER - 1

provides: "A person suffering legal wrong because of agency action, or adversely affected by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 704 provides further: "Agency action made reviewable by statute *and final agency action* for which there is no adequate remedy in a court are subject to judicial review." (Emphasis added). A party seeking judicial review of an administrative action must first show that they have exhausted all administrative remedies. *McKart v. U.S.,* 395 U.S. 185, 193 (1969).

> A primary purpose [of the exhaustion doctrine] is, of course, the avoidance of premature interruption of the administrative process. The agency, like a trial court, is created for the purpose of applying a statute in the first instance. Accordingly, it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based. And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise. And of course it is generally more efficient for the administrative process to go forward without interruption than it is to permit the parties to seek aid from the courts at various intermediate stages.

*McKart,* 395 U.S. at 193-194.

While the Court recognizes and understands Petitioner's heart-felt and eloquent arguments, the above-mentioned procedures are integral to maintaining efficiency within the judicial system and do not stand as a road block to upholding "the high principals [sic] in our Constitution [that] are taught to the people of this nation as children." Dkt. 14 at 5. Petitioner has not attempted to submit his claims to the FDA through a citizen petition.

> A complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene. And notions of administrative autonomy require that the agency be given a chance to discover and correct its own errors. Finally, it is possible that frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

*Id.* at 195. Because Petitioner has not allowed the FDA the opportunity to address his claims and no final agency action has been taken, these claims are not ripe for judicial review.

ORDER - 2

Therefore, it is hereby

**ORDERED** that Respondent's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. 12) is **GRANTED**.  The Petition for Writ of Mandamus is hereby **DISMISSED without prejudice.**  Petitioner's Motion for Summary Judgment (Dkt. 6) and Respondent's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 12) are hereby **DENIED as moot**.

DATED this 16th day of November, 2007.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3